UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID LEWIS BENTON, SR., *Pro Se*                                       PLAINTIFF

v.                                         CIVIL ACTION NO. 3:14-CV-470-DW

COMMISSIONER OF SOCIAL SECURITY Carolyn Colvin        DEFENDANT

### **MEMORANDUM OPINION**

This matter comes before the Magistrate Judge to consider the motion of the Defendant, Carolyn W. Colvin, Commissioner of the Social Security Administration.[1] Commissioner Colvin has filed a motion pursuant to Rule 12(b)(1) to dismiss the complaint filed by Plaintiff David Lewis Benton, Sr., for lack of subject matter jurisdiction. Specifically, the Commissioner in her motion argues that Benton filed his complaint seeking review of the final decision that denied his claims for SSI benefits beyond the 60-day limitation period set forth in §205(g) of the Social Security Act, 42 U.S.C. §405(g). The critical language of the statute provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. §405(g). *See Bowen v. City of New York,* 476 U.S. 467, 481 (1986).

Federal regulation provides at 20 C.F.R. §422.210(c) that a claimant who seeks review of an adverse decision of the administrate law judge by the Appeals Council must file suit within 60 days after the Appeal Council's notice of denial is "received by the individual" …." 20 C.F.R. §422.210(c). To quote from the controlling regulation:

> **(c) Time for instituting civil action**. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the

---

[1] DN 11, Mot. to Dismiss

> Appeals Council's notice of denial of a request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. §422.210(c). See also, 20 C.F.R. §§404.901 ("*Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); §416.1401 (same).

Case law in the Sixth Circuit and the district courts therein establishes that the "individual" referred to in 42 U.S.C. §405(g) and 20 C.F.R. §422.210(c) is the claimant rather than the attorney or representative of the claimant, if any. *See Ashcraft v. Astrue*, No. 5:11-CV-00144-TBR, 2012 WL 1231789 at *2-3 (W.D. Ky. 2012) ("The prevailing precedent in this and other circuits agrees with the Commissioner's definition of 'individual.'") (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) ("This Court has agreed that the date for filing a Social Security complaint runs from the date that the *applicant* receives the SSA's denial notice, not from the date of mailing."); *Singleton v. Comm'r of Soc. Sec.*, No. 1:09-CV-933, 2010 WL 3734053 at *1 (W.D. Mich. Sept. 20, 2010) ("The individual referenced by … [42 U.S.C. §405(g)] is the claimant or applicant for Social Security benefits."). *See also, Salter v. Colvin*, No. 4:12-CV-888, 2014 WL 1280269 at *5 (N.D. Ohio Mar. 27, 2014) (discussing *Ashcraft* as noting the "near unanimity among the various circuit and district courts that 'individual' does not mean a 'claimant's attorney….'").

Review of the complaint filed by Benton on June 27, 2014, reveals that he applied for SSI benefits. On July 1, 2013, he received notice of the adverse decision of the Appeals Council that

2

declined to review the hearing decision denying his claim (DN 1, Complaint, p. 2). Benton took no action within the 60-day time period following his receipt of notice as required by 42 U.S.C. §405(g) and 20 C.F.R. §422.210(c). Because Benton did not bring his lawsuit within the mandatory 60-day time period he is now time-barred by operation of 42 U.S.C. §405(g) given his failure to set forth any reason sufficient to toll or otherwise delay the running of the limitation period.

Benton has filed an "answer" to the motion to dismiss (DN 14, Answer). His response to the motion, however, does not address the merits of the Secretary's 60-day limitation period arguments. Instead, Benton discusses his alleged impairments of degenerative joint disease and osteoarthritis along with his resulting physical limitations. While these impairments and their related limitations are obviously important to the plaintiff, he misses that fundamental point that this Court cannot consider them where the plaintiff has not filed his complaint within the required 60 day time period. This deadline is strictly enforced. *Swindlehurst v. Astrue,* no 11-cv-12195, 2012 WL 1622989 at *1 (E.D. Mich. May 9, 2012). No reason has been offered by Benton that would equitably toll the deadline. *Castle v. Chater,* 934 F. Supp. 847, 848 (E.D. Ky. 1996)(identifying those circumstances that will equitably toll the 60-day period.). Accordingly, the decision of the Commissioner shall be affirmed and the complaint dismissed by separate judgment.

Cc:  Plaintiff *pro se*
     Counsel of Record

3